## MOONEY, USE, &c. v. IVEY.

1. After a cause commenced before a justice of the peace has been removed by appeal or *certiorari* to a higher Court, the parties cannot be changed, unless death or some other cause has supervened.

2. Although the amount in controversy is less than fifty dollars, and the suit was commenced before a justice of the peace, yet the plaintiff who sues for the use of another, cannot recover for work and labor done for the beneficial plaintiff, unless he stood in such a relation that the right to compensation inured to him.

Writ of Error to the County Court of Montgomery.

THIS was a suit instituted before a justice of the peace. The warrant was at the suit of Egbert Mooney for the use of John Mooney, and the defendant failing to appear a judgment was rendered against him for $27 50, besides costs. Upon the petition of the defendant the cause was removed to the County Court by *certiorari*. Thereupon a statement of the demand was filed in the name of "John Mooney, by his next friend, Egbert Mooney ;" but the defendant refused to plead to the same, and moved the Court to set it aside and cause the plaintiff to file another, corresponding as it respected the parties, with the warrant. The

motion was granted, and thereupon the plaintiff excepted. Another statement being accordingly made, and an issue thereon submitted to a jury, the plaintiff offered to prove that the defendant was indebted to John Mooney for work and labor done, but the Court would not permit such evidence to go to the jury under the pleadings, and thereupon the plaintiff excepted. A verdict was returned for the defendant, and judgment rendered accordingly.

J. E. BELSER, for the plaintiff in error.

J. A. ELMORE, for the defendant.

COLLIER, C. J.—Taylor v. Acre, at this term, in conformity with previous decisions, determines that in suits commenced before justices of the peace, the appellate Court will not permit the parties to be changed, unless death or some other cause has supervened, which makes such change necessary. Here it is conceded that both the nominal and beneficial plaintiff are living, and it is not pretended that their interests have been affected by any thing occurring since the warrant issued.

If work and labor were done by the party for whose use the suit was brought, the nominal plaintiff could not recover the price of it, unless he stood in such a relation that the right to compensation inured to him. The record does not show any thing from which such an inference can be deduced, and there can be no such legal intendment. The evidence then was properly excluded, and the judgment is consequently affirmed.